## OLD ORCHARD CITIZENS GROUP, INC., Plaintiff,

### v.

## U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, et al., Defendant.

### No. C 85–7684.

United States District Court, N.D. Ohio, W.D.

Jan. 24, 1986.

---

Michael S. Scalzo, Marshall & Melhorn, Toledo, Ohio, for plaintiff.

Verne K. Armstrong, Toledo, Ohio, for defendant.

WALINSKI, Senior District Judge.

This cause came on for expedited hearing pursuant to 5 U.S.C. § 552(a)(4)(D) on January 16, 1986. Before the Court are the defendant's motion to dismiss and the opposition thereto, and plaintiff's motion for partial summary judgment filed October 25, 1985, the defendant's cross motion for summary judgment filed November 25, 1985. The Court will address the motions as filed.

The motion of the defendant to dismiss is premised on plaintiff's alleged failure to exhaust administrative remedies with the resultant lack of jurisdiction in this Court.

On April 25, 1985 the Cleveland office of the Housing and Urban Development Department (HUD) gave approval to a preliminary proposal for funding under section 8 of the Housing Act of 1937, as amended, to provide seventy-five (75) units of newly constructed low and moderate income housing at Douglas and Pelham in Toledo, Ohio. (Preliminary Proposal No. OH 12–0017–005, Ex. F to Complaint).

Counsel for plaintiff, by letter dated May 30, 1985 made a request under the Freedom of Information Act (FOIA), (5 U.S.C. § 552) to the Cleveland office of HUD for documents relating to the selection of the Pelham site. (Complaint Ex. A).

By letter of about June 13, 1985, the Cleveland office of HUD, sent plaintiff's counsel a number of documents. However, the response did not comply with the criteria set forth. *Shermco Industries, Inc. v. Sec'y of U.S. Air Force*, 452 F.Supp. 306 (N.D.Tex.1978) or 5 U.S.C. § 522(a)(6)(A)(i) and the plaintiff thereafter had the right to bring suit. The motion to dismiss is therefore overruled. Further the defendant's concede that the subsequent appeal review and decision have made the motion to dismiss moot.

On July 16, 1985 the plaintiff filed the instant suit seeking release of certain documents under the FOIA that HUD continues to withhold either entirely or partially. Plaintiff moved for summary judgment on October 25, 1985 and defendant's countered on November 25, 1985.

By letter dated September 12, 1985 (Plaintiff's Ex. 1) HUD made its final administrative determination. HUD relied on FOIA exemptions 2 and 4 to delete certain information. Plaintiff seeks only those documents withheld in whole or in part under FOIA exemption 5.

Exemption 5, 5 U.S.C. § 552(b)(5) authorizes the withholding of "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency." In *N.L.R.B. v. Sears, Roebuck and Co.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975), the Court interpreted exemption 5 as encompassing the advice, opinions and recommendations of staff members in the agency decision-making process.

Complicating the decision herein is the adjudicated fact that under a stipulated decree in *Dotson v. HUD*, C 74–531 (N.D. Ohio 1974) HUD is required to provide section 8 funding of seventy-five (75) units of housing in the Westgate Planning District of Toledo, Ohio. Construction is now underway. Any attempt by the plaintiff herein to obstruct that construction could only be deemed a collateral attack on the *Dotson* judgment.

Plaintiff claims that HUD waived any exemption 5 privilege by disclosing to a resident, and to plaintiff's counsel, parts of the sought after documents. The Court deems this *not* a waiver, since the disclosure was not to adversary parties.

A review of the documents disclosed, the materials excised, and the documents withheld, reveals that HUD has excised or withheld only materials relating to staff or departmental evaluations, opinions and intra-agency actions leading to the site selection.

The Court finds the agency response to the FOIA request, although reluctantly released, was proper. *Parke, Davis & Co. v. Califano*, 623 F.2d 1 (6th Cir.1980). That factual information that was not intra-agency or staff opinion was not withheld.

Accordingly, it is therefore,

ORDERED that plaintiff's motion for partial summary judgment is overruled.

FURTHER ORDERED that defendants' motion for summary judgment is granted.

FURTHER ORDERED that this cause is dismissed.